FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZEV AND LINDA WACHTEL, *et al.*, | Civ. Docket No. 01-4183 |
| | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | |
| v. | |
| GUARDIAN LIFE INS. CO., *et al.*, | |
| Defendants. | |

| | |
|---|---|
| RENEE MCCOY, individually and on behalf of all others similarly situated, | Civ. Docket No. 03-1801 |
| | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs | **OPINION** |
| v. | |
| | Date: December 13, 2005 |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | |
| Defendants. | |

**HOCHBERG, District Judge:**

This Matter comes before the Court upon Defendants' Appeal of Magistrate Judge Shwartz's February 16, 2005 Order granting Plaintiffs' application for sanctions.[1]  This Court has

---

[1] This Court is also considering, but has not yet decided, various other motions and appeals involving sanctions for Defendants' alleged discovery abuses, including:
   1) Plaintiff's Request for Sanctions Under the Inherent Power of the Court to Preserve the Integrity of the Judicial Process and Under Fed. R. Civ. P. 37 (hearings ongoing);

1

reviewed Magistrate Judge Shwartz's Order and oral Opinion dated February 16, 2005 and her Order dated March 1, 2005, and has reviewed the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.     History of Discovery Violations Prior to Imposition of Sanctions**

Judge Shwartz noted in her February 16, 2005 oral opinion ("February 16 Opinion") that Defendants had been on notice since the fall of 2003 that they were to produce investigative information regarding the Health Net entities' out-of-network activities. *See* February 16 Opinion at 6-7. The history of orders reveals the continuous effort of the Magistrate Judge to effect compliance with discovery. On November 5, 2003, Judge Shwartz ordered production of all "documents reflecting investigations of Healthnet Northeast by insurance regulators" and made compliance with her order a "continuing obligation." On November 13, 2003, Judge Shwartz ordered defendants to "identify an individual who can certify whether or not there are any past or current investigation by state regulators regarding defendant's use of outdated UCR or HIAA data, and shall provide such a certification no later than November 26, 2003." On November 18, 2003, Judge Shwartz ordered "that all discovery demands in the McCoy case are to be responded to by Healthnet of New Jersey, Healthnet of the Northeast and Healthnet, Inc.," making clear that Health Net entities on both coasts were responsible for producing regulatory

---

2)     Plaintiffs' Request to Strike 20,000 Pages of Documents Produced By Defendants as Summary Judgment and Trial Exhibits After the Discovery Deadline;
3)     Defendants' Appeal of Magistrate Judge Shwartz's Order Excluding 16 of Defendants' Trial Witnesses for Failure to Disclose Sufficiently the Identity of Those Individuals Pursuant to Fed. R. Civ. P. 26(a)(1)(A); and
4)     Defendants' Appeal of Magistrate Judge Shwartz's Order Granting Spoliation Inference and Reasonable Attorneys Fees to Plaintiffs Because of Defendants' Failure to Preserve Certain Evidence.

investigative information.

On January 13, 2004, Judge Shwartz ordered that "Defendant Healthnet shall identify an individual who can certify whether or not there are any past or current investigations by state regulators regarding the defendant's use of outdated UCR or HIAA data, and shall provide such a certification." Eight months later, in August of 2004, after a phone conference where Plaintiffs expressed frustration that Healthnet, Inc. had not produced documents in compliance with the Court's earlier orders, Judge Shwartz again made clear to the parties that all discovery demands were to be propounded and responded to by <u>all</u> Health Net entities regardless of geographic location. *See* August 18, 2004 Order at 1.

On September 22, 2004, Plaintiffs served their fourth discovery request, which sought documents from all Health Net entities regarding "any insurance department or consumer service bureau inquiries as to Health Net claims processing, ONET services, failure to pay claims timely, or with interest; or appeals handling." Defendants objected to this request, citing their appeal of this Court's class certification decision as a reason for not producing western Health Net plan discovery. *See* Def.'s 02/07/05 Ltr. to Judge Shwartz at 5 (citing Exhibit 5, Def.'s 12/03/04 Ltr. to Plaintiffs at 3). A pending appeal is no basis to refuse to produce discovery.

On December 13, 2004, the parties appeared before Judge Shwartz to discuss outstanding discovery issues and Health Net disclosed to the Court, for the first time, the existence of a California regulatory inquiry involving a Health Net plan in that state. *See* 12/13/04 Tr. at 49-50. Plaintiffs told the Court that, despite all the prior orders, discovery had not been produced about the California investigation. *Id.* Judge Shwartz stated that "[t]he Court ordered long ago the production of investigative materials" and had reminded counsel to remind its client of its

3

ongoing responsibilities for production. *Id.* at 68.

On December 17, 2004, over a year after she first ordered Health Net to produce investigative information regarding its out-of-network activities, Judge Shwartz issued the Order which eventually lead to Plaintiffs' request for sanctions and Judge Shwartz's February 16 Opinion granting that request.

## II.   Magistrate Judge Shwartz's February 16, 2005 Opinion and Order

Judge Shwartz's February 16 Opinion comprehensively summarized the factual and procedural background leading to the finding that Health Net violated her December 17, 2004 Discovery Order ("December 17 Order") requiring it to produce documents relating to any regulatory investigations of Health Net's out-of-network activities. The February 16 Opinion further articulated the foundation and authority for ordering the sanctions set forth in the Order. The relevant factual and legal elements of the February 16 Opinion are summarized below and a copy of the Magistrate Judge's February 16 Order is attached to this opinion.

Magistrate Judge Shwartz's December 17, 2004 Order required Health Net to:

> (a) produce all documents that relate to the New Jersey, New York, Connecticut, California, and Arizona regulators' past or ongoing investigations of the Health Net entities handling of out-of-network activities, including but not limited to documents disclosed by the Health Net entities to the regulators, documents provided by the regulators to the Health Net entities, materials disseminated to beneficiaries as part of the investigation(s), market conduct examinations, calculation of reimbursement (if applicable), amounts of restitution paid to the beneficiaries (if applicable); and talking points, **on a rolling basis with all production to be completed no later than January 10, 2005** and (b) certify no later than **January 10, 2005** that the Health Net entities have produced all responsive documents.

Judge Shwartz's December 17, 2004 Order at 2. At a hearing on December 13, 2004, Judge

Shwartz clarified her reasons for requiring production of the investigatory documents on a rolling basis:

> [w]ith respect to the western plans, I'm also requiring ongoing investigation and I'm going to tell you why, because it appears when the plaintiffs get documents, and based on those documents do whatever investigative efforts they engage in, they seem to recover documents that weren't produced by the client. And I'm not guessing at that, that's what's been presented on more than one occasion to the Court, and for that reason, I'm requiring ongoing production on a rolling basis of the California investigation as well, and even though it wasn't prior to the court order [sic], because I don't want to face you all on January 10th to only learn that on January 11th there are more documents that were not produced that the client has failed to turn over. So I'm requiring the production on a rolling basis of the investigative documents, and I think it's already been identified by plaintiffs to the defendants of what they are looking for.

February 16 Opinion at 5:5-21 (quoting December 13, 2004 transcript at 68:22-69:13). Despite Judge Shwartz's Order, Health Net did not produce documents relating to the California state investigation until January 28, 2005.

Judge Shwartz ordered Health Net to appear on February 7, 2005 for an evidentiary hearing into alleged non-compliance,[2] where Heath Net was required to "produce witnesses, including clients and counsel with knowledge of any efforts, communications, or decisions related to compliance with the directives in the Orders." During an eight-hour hearing, Judge Shwartz took testimony from Franklin Tom, an attorney and employee of Health Net, and William Helvistine, an attorney for outside counsel Epstein, Becker & Green.

Health Net argued that its January 28, 2005 production of the California investigation documents did not violate the December 17 Order, citing the following reasons: (1) that the delay

---

[2]As of the February 7, 2005 hearing, Health Net still had not completed its production of documents relating to the Arizona investigation as required by the December 17 Order. *See* February 7, 2005 Tr. at 221:12-223:3.

5

in production was due to the lack of clarity in the discovery order as to the meaning of the term "rolling basis"; (2) that Health Net was pursuing a stay of the Order requiring discovery; and (3) that Plaintiffs' counsel consented to an extension of the document production.

Citing Fed. R. Civ. P. 37, Judge Shwartz rejected Health Net's arguments and found that Health Net and its counsel had violated the December 17 Order, noting that "defendants have been under a continuing obligation to provide discovery concerning the investigations by state regulators of the Health Net entities regardless of geographic location." *Id.* at 8:8-12. Judge Shwartz considered the authority granted to her under Rule 37 to sanction counsel and parties who fail to provide discovery as required under the discovery rules or the Order of the Court. *Id.* at 13:22-14:5. She further considered Third Circuit law granting the Court broad discretion as to the type and degree of sanctions it can impose and requiring that the sanctions be just and related to the claims at issue. *See id.*; *see also Estate of Spear v. Comm'r of the Internal Revenue Serv.*, 41 F.3d 103, 109 (3d Cir. 1994).

Judge Shwartz ordered Health Net to: (1) produce all documents relating to any and all regulators' past or ongoing investigations of the Health Net entities' out-of-network activities; (2) provide a certification by March 17, 2005 that all responsive documents regarding the investigations have been produced; (3) submit monthly certifications regarding the status of all investigations;[3] and (4) provide a copy of important litigation documents, including the Court's class certification opinion, to all regulators who have ongoing investigations of the Health Net's out-of-network activities. Judge Shwartz also ordered Health Net and its counsel to pay the fees and costs associated with the sanctions application.

---

[3]On March 1, 2005, Magistrate Judge Shwartz granted Health Net's application to extend this date from March 4, 2005 to March 25, 2005.

6

Health Net and its counsel presently appeal Judge Shwartz's Sanctions Order, asserting the following grounds: (1) the term "rolling basis" is "open to interpretation"; (2) Plaintiffs' counsel agreed to the discovery extension; and (3) the sanctions ordered by Judge Shwartz violate Health Net's First Amendment rights and interfere with state regulators.

**III.    Discussion**

　　A.    Standard of Review

The Magistrates Act requires this Court to apply the clearly erroneous standard of review upon appeal of a magistrate judge's report on certain pretrial, non-dispositive motions. 28 U.S.C. § 636(b); *see also McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (U.S. App., 1981). A magistrate judge's ruling concerning discovery, including sanction orders, are non-dispositive motions. *See, e.g.*, *Cunningham v. Hamilton County*, 527 U.S. 198, 201 (1999); *Bowen v. Parking Authority*, 214 F.R.D. 188 (D.N.J. 2003); *Tarlon v. Cumberland Co. Corr. Facility*, 192 F.R.D. 165 (D.N.J. 2000); *Fitz Inc. v. Ralph Wilson Plastics Inc.*, 184 F.R.D. 532 (D.N.J. 1999). Thus, a magistrate judge's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1111, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S. Ct. 487 (1987) (*citing* 28 U.S.C. § 636 (b)(1)(A)); *see also* Fed. R. Civ. P. 72 (a); L. Civ. R. 72.1(c)). A magistrate judge's order is clearly erroneous only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. of Wis.,* 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. Gypsum Co.*, 333 U.S. 365, 395 (1948)). To be contrary to law, a magistrate judge's order must

have "misinterpreted or misapplied applicable law." *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

  B. <u>Analysis</u>

    1. **Judge Shwartz's Ruling That Health Net Violated The December 17 Order**

Judge Shwartz thoroughly considered each of Health Net's arguments before ruling in a manner that was neither clearly erroneous nor contrary to law. Health Net and its counsel violated the December 17 Order. With respect to Health Net's argument that its discovery violation was excused by Health Net's pursuit of a stay, Judge Shwartz recounted the Court's lengthy procedural history regarding Health Net's earlier such pursuits, noting that she denied a stay on November 30, 2004 and that the "parties were clearly told that there was no stay of any proceedings until some court ordered a stay in effect."[4] Further, Judge Shwartz stated that, while the Third Circuit granted a temporary stay on January 11, 2005, this stay expired on January 18, 2005 and the documents therefore should have been produced no later than January 18, 2005.[5] Judge Shwartz noted that "the record is clear that another ten days passed before there was compliance," and therefore the January 28, 2005 date of production was "not based in fact or in the orders of this Court."

---

[4]This Court also twice denied Health Net's requests for stays in Orders dated October 15, 2004 and January 11, 2005.

[5]The Third Circuit granted a temporary stay on January 11, 2005, stating "[t]he motion for a temporary stay of discovery is hereby granted until such time as the District Court has decided the appeal from the Magistrate Judge's Order." On the same day, this Court issued its Order affirming Magistrate Judge Shwartz's decision denying the stay. The stay then was extended by the Third Circuit until January 18, 2005 to allow the Circuit to review this Court's Order. On January 18, 2005, the Third Circuit denied Health Net's motion for a stay of the December 17 Order.

8

Judge Shwartz also rejected Health Net's claim that the meaning of the term "rolling basis" was unclear, noting she had used the terms "ongoing" and "rolling" at the December 13 hearing and that no counsel sought clarification of such common terms regarding discovery. Indeed, because Health Net had argued against a rolling basis production, Judge Shwartz took pains at the December 13 hearing to explain why she was ordering a rolling production. As stated in Judge Shwartz's February 16 Opinion:

> [t]hese terms [rolling and ongoing] are regularly used by the court and by parties in dealing with the production of voluminous amounts of documents. The point is to make sure the information is being turned over as it is available not to [sic] wait until the last minute to turn it over at the deadline. To accept an explanation that so long as the production was made by January 10th would have been sufficient would read out, omit, and render as surplusage, the rolling basis language that was in the Court's Order.

February 16 Opinion at 20:20-21:6. Judge Shwartz's use of the term "rolling basis" was unambiguous. It was made even more clear by Judge Shwartz's addition of the term "ongoing." Health Net's argument to the contrary fails.[6]

Additionally, Judge Shwartz was neither clearly erroneous nor contrary to law in finding that there was no agreement between the parties to delay production until January 28, 2005. Health Net argued that Plaintiffs' counsel orally consented to the production of the California investigation documents during the week of January 24, but Health Net's own counsel (Heather Taylor of McCarter & English) could not confirm that Plaintiffs consented, stating: "in terms of whether or not there was consent on the other side, I'm not sure." February 7, 2005 Tr. at

---

[6] Health Net places much weight in its objections to the definition of class certification on the fact that it settled with the California regulators on January 12, 2005. It can genuinely be asked whether, for strategic reasons, compliance with the December 17 Order was not effected until after that settlement had been executed.

9

220:10-14.

Judge Shwartz also relied on Heather Taylor's February 7, 2005 Certification to show that Health Net was not even prepared to produce the documents on January 10. Ms. Taylor's Certification states that on January 20, 2005, Ms. Taylor "had just received the files from Health Net related to Health Net's consent order with California DMHC" and that she still needed to review them for privilege. Most important, Health Net's counsel neither sought nor received an extension from the Court of its deadline. Fed. R. Civ. P. 26, 29. Thus, Judge Shwartz did not err in finding that Health Net's failure to produce the California documents in accordance with the December 17 Order was not excused by the alleged consent of Plaintiffs.

For the foregoing reasons, Judge Shwartz's determination that Health Net violated the December 17 Order was neither clearly erroneous nor contrary to law. This case has been fraught with repeated failure by Health Net to produce timely and complete discovery, which has consumed an inordinate amount of Magistrate Judge Shwartz's time. Most recently, this Court has had to convene an evidentiary hearing to gather facts regarding allegations that Health Net and McCarter & English made material misrepresentations to the Court; a Rule 37 evidentiary hearing is presently in progress based, *inter alia*, upon the discovery that certain testimony offered at the Court's initial preliminary injunction hearing may have been misleading in an effort to prevent the imposition of interim injunctive relief.[7]

---

[7] Specifically, on November 20, 2003, Health Net represented to the Court, through its attorney John Pendleton, Esq. of McCarter & English, that Health Net had reached an agreement with the New Jersey Department of Banking and Insurance ("NJDOBI") to reimburse Health Net beneficiaries whose claims had been underpaid due to the use of improper data within the company. Mr. Pendleton represented to the Court, on several occasions thereafter, that Health Net was in the process of completing the $528,000 restitution. The Court ultimately learned over a year later, in December 2004, that Health Net had never even commenced such restitution. When Magistrate Judge Shwartz demanded an explanation, Health Net submitted an affidavit of

2.  **Judge Shwartz's Issuance of Sanctions**

Having found that Health Net and its counsel violated her December 17 Order, Judge Shwartz carefully considered the legal authority for the Court to impose sanctions upon counsel and parties. Sanctions must be tailored to the nature and consequences of the violation. *See* Fed. R. Civ. P. 27; *see also Estate of Spear v. Comm'r of the Internal Revenue Serv.*, 41 F.3d 103, 109 (3d Cir. 1994). Possible sanctions include compulsion orders, the assessment of fees and costs, the entry of default and striking pleadings. *Spear*, 41 F.3d at 109; *Stillman v. Edmund Scientific Co.*, 522 F.2d 798, 801 (4th Cir. 1975).

Based on the law, Judge Shwartz meted out appropriate and tailored sanctions against Health Net and its counsel as set forth above in Part I of this Opinion. Health Net argues that requiring it to disclose certain pleadings and Court opinions to state regulators violates its First Amendment right "not to be forced to express views of others." This is not an issue of "expression" but rather of document production and full disclosure. Actions taken by Health Net in connection with avoiding regulatory scrutiny are relevant to the instant litigation. Judge Shwartz's Sanctions Order does not force Health Net to endorse either Plaintiffs' or the Court's opinion. This sanction does not implicate the First Amendment,[8] and is properly tailored to the

---

Health Net of the Northeast's General Counsel, which itself is now a subject of the Rule 37/*Derzack* hearing. Now, in the fall of 2005, testimony and affidavits offered in the Rule 37/*Derzack* Hearing have raised further questions as to whether Health Net and NJDOBI ever actually reached an "agreement" for restitution prior to the November 20, 2003 Preliminary Injunction Hearing.

[8] Health Net relies on *Pacific Gas & Elec. Co. v. Public Util. Comm. of Calif.*, 475 U.S. 1, 14 (1986), to argue that it is being forced to speak views with which it disagrees. *See also Forum for Academic and Inst'l Rights v. Rumsfeld*, 390 F.3d 219, 235 (3d. Cir. 2004). Health Net's reliance on *Pacific Gas* is misplaced because in that case a private speaker was forced to publicly endorse another speaker's message. *Pacific Gas*, 475 U.S. at 10-12 (finding that requiring a public utility to include contrary political statements in the newsletter it distributes to all of its

nature of Health Net's trade record of repeated and material discovery violations.

Judge Shwartz has shown admirable restraint and patience in conducting discovery in this case. Her February 16 Opinion and Order are a proper response to Health Net's poor pattern of disclosure about pertinent state investigations in the face of repeated discovery requests and court orders.

**IV.    Conclusion**

Accordingly, **IT IS** on this 13th day of December, 2005,

**ORDERED** that Magistrate Judge Shwartz's February 16, 2005 Opinion & Order is **AFFIRMED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

three million customers implicates the First Amendment); *see also Forum*, 390 F.3d at 235 (holding that requiring law schools to allow military recruiters to distribute newsletters and interview students implicates the First Amendment). Here, Health Net is being required to disclose public Court documents to certain of its state regulators. The nature of the documents makes it clear beyond peradventure that the speaker is not Health Net.