# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE McCOY, individually and on behalf of all others similarly situated,<br>　　　　Plaintiffs,<br>v.<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.,<br>　　　　Defendants. | Civil Action No. 03-cv-1801 (FSH)(PS) |
| ZEV and LINDA WACHTEL, individually and on behalf of their minor son, TORY WACHTEL, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>GUARDIAN LIFE INSURANCE CO. OF AMERICA, HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.,<br><br>　　　　Defendants. | Civil Action No. 01-cv-4183(FSH)(PS) |

## SUPPLEMENTAL CERTIFICATION OF JAMES E. DELBELLO, ESQ.

### I. Preliminary Statement

1. I submit this certification in response to the directive issued by the Honorable Faith S. Hochberg, U.S.D.J. during the Rule 37 hearing held on January 5, 2006.

2. The documents submitted with this certification for the Court's *in camera* review were prepared by Defendants and contain information responsive to the orders of December 12, 2005 ("the December 12 Order") and December 21, 2005 ("the December 21 Order"), which are discussed below. In addition to containing information responsive to the December 12 and December 21 Orders, some of the documents also contain attorney-client and attorney work-product protected material that is not responsive to the orders. Due to time constraints,

Defendants have not redacted (but reserve the right to redact) the non-responsive attorney-client and attorney work-product protected material.

3. It remains Defendants' position that because these documents may contain privileged or otherwise protected material, this Court, as the fact-finder in these two nationwide ERISA class actions, should not review the documents being produced *in camera*. The Court should instead refer these documents to another Article III Judge for the reasons stated in Defendants' Motion Requesting that the Court Refer the Review of Materials and/or Information Protected by the Attorney-Client Privilege or Constituting Attorney Work Product to Another Article III Judge, filed on December 13, 2005. This Motion was denied on January 19, 2006.

4. Defendants reserve all of their rights and do not waive any privilege or other protections as to any documents appended to or mentioned in this certification.

## II. The December 12 Order

5. On December 12, 2005, Magistrate Judge Shwartz ordered, *inter alia*, that "No later than December 31, 2005[1], the defendants shall (1) gather the written instructions from Ms. Gonzalez and Mr. Pendleton to Health Net employees about discovery production and discovery obligations; (2) prepare a privilege log for documents it contends are shielded by the attorney-client privilege and/or work product rule; and (3) be prepared to produce same if the Court so requests."

6. We have been informed that generally Mr. Pendleton did not send out written instructions of his own regarding discovery, but Heather Taylor, Esquire and Jessica Plinio, Esquire communicated with Defendants regarding discovery on Mr. Pendleton's behalf. Mr. Pendleton, however, was generally copied on the emails with Defendants regarding discovery.

---

[1] This deadline was extended to January 12, 2006 by order dated January 9, 2006.

In response to the December 12 Order, Defendants' counsel reviewed the saved email folders[2] of Ms. Taylor and Ms. Plinio reflecting instructions regarding discovery.[3]

7. Defendants' counsel also reviewed the emails of Hilda Gonzalez, Esquire in response to the December 12 Order (and the December 21 Order).

8. In reviewing the emails of Ms. Taylor, Ms. Plinio and Ms. Gonzalez, Defendants' counsel ran the search terms "McCoy," "Wachtel," and "discovery" through a database containing 87,629 emails from Ms. Gonzalez's mailbox and 10,211 emails provided by McCarter & English. These search terms were run through all text, data fields (e.g., "to," "from," etc.), and attachments to emails. The search terms yielded 24,761 potentially responsive documents. Defendants reviewed those emails. Defendants identified 2,626 responsive emails or attachments from Ms. Gonzalez's mailbox, and 915 responsive emails or attachments (constituting a total of 2,746 pages) from Ms. Taylor's and Ms. Plinio's mailboxes.

9. Additionally, in response to the December 12 Order Defendants prepared a privilege log which includes 8,357 documents responsive to the December 12 Order. A copy of this privilege log is attached as Exhibit A.

10. Since the documents gathered in response to the December 12 Order from the email boxes of Ms. Taylor and Ms. Plinio contain instructions regarding how to respond to

---

[2] There most likely were additional emails sent by Ms. Taylor and Ms. Plinio to Defendants reflecting discovery; however, Ms. Taylor and Ms. Plinio did not save all of their emails to their email folders. In addition, it appears that McCarter & English's email system was not able to recapture or restore emails that were not saved to an email folder.

[3] Anthony Yacullo, Esquire, a former associate at McCarter and English, who worked on these cases from their inception until he left the firm in the summer of 2003, also communicated with Defendants' employees regarding discovery on behalf of Mr. Pendleton. I am informed that Mr. Pendleton would also ordinarily have been copied on most emails sent by Mr. Yacullo. As discussed above, we were informed that because Mr. Yacullo and Mr. Pendleton did not save their emails to an email folder, McCarter & English's email system was not able to recapture or restore these emails.

3

discovery, Defendants have included some of the emails from this review in its submission to the Court.[4]

### III. The December 21 Order

11. In the December 21 Order, the Court "**ORDERED** that Defendants shall deliver to chambers no later than December 29, 2005, for the Court's *in camera* review, all documents, memoranda, e-mails, and communications of any kind, in chronological order, reflecting requests made by Hilda Gonzalez, Scott Gilmore, and other in-house legal staff at Health Net, to employees of Health Net entities seeking responsive discovery."

12. As previously described to the Court, pursuant to the December 21 Order, Defendants searched over 300,000 documents, and on December 29, 2005, Defendants produced for the Court's *in camera* review over 22,000 total pages of emails, without attachments. We have determined from paragraph 10 of Heather Taylor's December 12, 2005 Certification and the documents produced *in camera* on December 29, 2005, that prior to January 10, 2005, over 300 individuals participated in the search for responsive information to discovery requests.

### IV. The January 5, 2006 Hearing

13. At the Rule 37 hearing held on January 5, 2006, the Court instructed Defendants' counsel to select from the documents provided on December 29, 2005 a sampling of responsive documents. Specifically, the Court stated: "That's 11 cartons of documents for a fairly simple request. Therefore, I'm asking you to undertake to tell me and tell all of us which of the

---

[4] If the Court so requests, Defendants will produce these 2,746 pages of additional responsive documents to the Court for its *in camera* review.

documents in these 11 cartons are most probative of how the employees knew what was being required. That's all we're asking." Jan. 5, 2006 Tr. at 36:23-37:2.[5]

14. In response to this directive, Defendants' counsel reviewed the documents produced in response to the December 21 Order and the documents gathered in response to the December 12 order. Defendants' counsel have sought to identify the most probative documents which illustrate how Defendants' employees were informed what was being required in discovery and are providing these documents at Exhibit B for the Court's *in camera* review.

15. The documents submitted herein are representative of instructions given regarding discovery; however, as explained at the January 5, 2006 hearing, to more fully appreciate the efforts undertaken by Defendants to respond to discovery, one would need to review all of the documents gathered in response to the December 12 and December 21 Orders.

16. In addition to the written instructions, counsel also provided instructions regarding the information sought in discovery orally. For example, Ms. Taylor testified that she contacted people by telephone to seek responsive discovery. Jan. 5 Tr. at 245:9-246:11. Ms. Taylor testified that she would give the employees some background on the litigation and would explain what information she was looking for. *Id.* She also explained: "[t]here were five or six topics that were the key issues in the case, and I would pretty much ask these people when I spoke to them on the phone, okay, I know we're asking about this, but do you have any

---

[5] Defendants respectfully note that on January 5, 2006, the Court sought a narrower set of documents than those that were ordered on December 21, 2005. For example, during the hearing, the Court explained that it was seeking an "appropriately comprehensive notice and request to appropriate personnel as to the scope of the documents being sought, to identify them to outside counsel and to retain them and not destroy them, segregate them, retain them, let us know what you have. That's what I sort of view as step one. I'm looking for step one." Jan. 5, 2006 Tr. at 41:8-13. Likewise, the Court questioned: "Is there in those boxes any comprehensive description of the documents being sought and a request to produce those to counsel, either inside counsel or outside counsel, for review as to whether they should be produced?" *Id.* at 35:8-12. The instant Certification and *in camera* production of documents seeks to answer the Court's requests of January 5, 2006.

documents related to some other topic." *Id.* at 246:7-11. Ms. Taylor also testified as follows regarding a December 2003 meeting: "I know we went over with [Pennell Hamilton, Paul Dominianni, Robert Little, Dan Sibol, Eileen O'Donnell, and Mike Sydlaske] some of the issues in *Wachtel* and *McCoy*. We gave them broad topics that they needed to get documents and e-mails for us." *Id.* at 223:1-6. Moreover, Ms. Taylor explained that when preparing witnesses for their depositions, she asked for responsive documents, including emails. *See e.g. id.* at 234:23-235:7. She also explained that "[w]e talked to hundreds or e-mailed hundreds of people to try to get documents in response to the plaintiffs' requests." *Id.* at 242:10-12.

17. In response to the Court's question regarding instructions concerning document preservation, we direct the Court to the Affidavit of Bart Keaney[6] and e-mails sent by Phil Davis, Esq. on this issue. Copies of the Affidavit and e-mails are attached as Exhibit C.

Dated: January 30, 2006

James E. DelBello

---

[6] Mr. Keaney's Affidavit was provided to Magistrate Judge Shwartz on September 30, 2004. We were unable to locate it on the docket, so we are refiling it with this Certification.

6