THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZEV AND LINDA WACHTEL, et al. | : | Civ. Docket No. 01-4183 |
| | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | : | |
| v. | : | |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| RENEE MCCOY, individually and on behalf of all others similarly situated, | : | Civ. Docket No. 03-1801 |
| | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | : | |
| v. | : | |
| HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., and HEALTH NET OF NEW JERSEY, INC. | : | |
| Defendants. | : | |

=================================================================
**PLAINTIFFS' REPLY BRIEF IN RESPONSE TO HEALTH NET'S SUBMISSION
REGARDING SPECIAL MASTER CATHY FLEMING'S MAY 31, 2007 REPORT**
=================================================================

WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
(212) 661-1100

Attorneys for Plaintiffs

#3821044 (999999.320)

## OVERVIEW

HN does not dispute any of SM Fleming's findings. These findings reflect an almost complete disregard of HN's obligations to preserve relevant evidence by HN for the first three years after *Wachtel* was filed and the 18 months after *McCoy* was filed.

The main charge from this Court to SM Fleming was to ensure that all relevant emails as ordered in the May 5, 2006 Order had been produced, and determine the processes and individuals responsible for any lack of preservation. SM Fleming's May 31, 2007 Report made these findings, and determined that there was a demonstrated lack of preservation.

The primary disagreement Plaintiffs have with the May 31, 2007 Report is that the lack of preservation was not reflective of bad faith by HN.[1] Plaintiffs request that this Court adopt SM Fleming's May 31, 2007 Report, except as to the three specific findings that "There was no evidence of intentional or deliberate destruction of emails;" "There is no evidence of destruction of emails by any individual;" and "there was no evidence of intentional, malicious or bad faith conduct." Report at 6, 9.

Because SM Fleming indicated she was not considering the extent of HN's violation of legal obligations, May 31, 2007 Report at 7 n.5, she did not address the gravity of HN's defalcations.

HN suggests that Plaintiffs invited the Special Master to make findings about intentionality. HN Br. at 5. HN argues that Plaintiffs' contention that the "issue of intentional destruction of emails was not before Special Master Fleming is contradicted by their own submissions." *Id.* Yet both documents HN cites were never submitted to SM Fleming. Rather

they were contained in briefs submitted to this Court on other issues *before* the Special Master was even appointed. HN Br. at 5. As HN knows (but conveniently ignores), SM Fleming made it very clear in her instructions that the parties were to submit purely factual submissions, devoid of legal argument and legal conclusions. As a result, Plaintiffs' proposed FOF to SM Fleming in April 2007 did not request any finding relating to intentionality. *See* Judge Shwartz's Order dated June 18, 2007 n.1 (noting Special Master Fleming's "limited findings" and finding they do not obviate Plaintiffs' *prima facie* demonstration of crime fraud).

**HN's Brief Ignores the Babb, Hand and Willis Affidavits It Submitted to the MDL Court in October 2002 In Support of HN's Motion to Stay Discovery in the MDL**

HN does not mention, must less attempt to counter Plaintiffs' demonstration of HN's unequivocal corporate understanding in October of 2002 that relevant evidence was being destroyed by HN's ongoing course of litigation conduct. The context was HN's request for a stay of discovery in the MDL litigation. (Phil Davis admitted that he was the attorney in charge of the MDL litigation for HN, which included this critical motion, but testified he had no knowledge of these affidavits which were prepared and submitted to the MDL Court in support of HN's motion.)

These affidavits (attached to Plaintiffs' moving brief) first surfaced during the spring of 2007, and were never submitted to this Court, despite the fact they were responsive to this Court's questions about preservation and production. HN Inc. employee Kenneth Babb acknowledged that in order to make a complete search for relevant documents, HN would have to search "all of the file server spaces, individual employees' hard drives and other personal

---

[1] SM Fleming had a narrow glimpse into HN's conduct, had not reviewed the Court's decisions and could not be expected to know about or incorporate the years' worth of litigation misconduct
(cont'd. on next page...)

storage spaces" which required going to every employee's machine and making a copy of all local drives. Babb October 9, 2002 Aff. para. 7. Babb admitted that "It is not currently possible to efficiently search the data saved on the file servers." *Id.* Para 8. Babb also listed other substantial impediments in time and expense which HN's implementation of the MDL preservation order created. *Id.* paras. 7-9. Michael Hand, the HN Inc. employee responsible for HNNE, similarly swore that "It is not possible for Health Net of the Northeast to immediately search all e-mail messages stored on its servers for a particular word or list of words." He then went on to describe the arduous process to counteract HN's failed MDL preservation system. Hand Aff. Para 13. Pam Willis, another HN Inc. employee, swore in October 2002 that HN's relevant hard copy documents were scattered in various regional warehouses, packed into over 75,000 boxes (just as to HN California) with only a brief content description. She described why any search could not be undertaken without an "enormous financial and operational burden to Health Net." Willis paras. 7-8.

This critical information was not disclosed to this Court, even though this Court asked pertinent questions about discovery conduct, production and preservation that should have elicited this information. Had Judge Shwartz known of the Babb, Hand and Willis affidavits in May of 2003, the Court would have understood that HN's preservation efforts in the MDL were completely deficient both there and for *Wachtel* and *McCoy*. Instead, HN informed Judge Shwartz in a letter dated May 8, 2003 that HN "has complied with its obligations to preserve evidence." HN represented at the October 7, 2004 court conference that HN "went to great lengths to preserve all documents that are potentially relevant to this case." In a November 9, 2004 letter to the Court, HN stated that it "takes its record retention seriously and is undertaking

---

as found by this Court and Judge Shwartz.

additional efforts to ensure that all records relevant to the aforementioned litigation are properly maintained . . . .Health Net has been preserving all business documents since December 2000."

HN did not alert its outside counsel in *Wachtel* and *McCoy* about these affidavits from October 2002 that were probative of HN's failed preservation efforts nationally in all litigations. Judge Shwartz relied on HN's representations: "And the parties having participated in a telephone conference with the undersigned on May 9, 2003 during which, among other things, the parties acknowledged their obligation to retain potentially relevant evidence related to this case." May 13, 2003 Order. Based on HN's false representations to the Court, Judge Shwartz refrained from entering a specific preservation order until October 2004, over 15 months later. Had HN disclosed to Judge Shwartz or this Court at the inception of the litigation the difficulties of gathering relevant documents from individual employees, the Court could have taken steps to ensure that HN identified key custodians and preserved their potentially relevant documents. Had Plaintiffs known of these problems, protocols could have been instituted to address them. Instead, HN concealed the existence of the hard copy documents and the millions of emails on backup tapes. HN even claimed that after producing 7,000 pages of discovery, it had no more relevant documents to produce. HN's November 17, 2003 Letter to this Court. In fact, HN completely ignored this litigation and its discovery and preservation obligations.

It is impossible to consider HN's good faith or bad faith without considering HN's legal obligations to preserve evidence. This is why the Babb, Hand and Willis affidavits are so crucial, and why HN's response defending its conduct fails to even mention them, much less counter them. In light of the above and other facts known and found by this Court over time, Plaintiffs respectfully ask this Court to decline to adopt the SM's findings regarding a lack of intentionality.

## CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' motion to adopt SM Fleming's May 31, 2007 Report Except Her statements Regarding Lack of Evidence of Bad Faith and Intentional Destruction of Emails.

Dated:   July 23, 2007
         Woodbridge, New Jersey

>                   Respectfully submitted,
>
>                   **WILENTZ GOLDMAN & SPITZER P.A.**
>                   90 Woodbridge Center Drive
>                   Woodbridge, NJ 07095-0958
>                   (732) 636-8000
>
>              By: _____
>                   Barry M. Epstein
>
>                   **POMERANTZ HAUDEK BLOCK
>                   GROSSMAN & GROSS LLP**
>                   100 Park Avenue
>                   New York, New York 10017
>                   (212) 661-1100
>
>              By: _____
>                   D. Brian Hufford
>
>                   **THE CUNEO LAW GROUP, P.C.
>                   THE ALPERT LAW FIRM**

Attorneys for Plaintiffs-Appellees

# CONCLUSION

Plaintiffs respectfully request that this Court grant Plaintiffs' motion to adopt SM Fleming's May 31, 2007 Report Except Her statements Regarding Lack of Evidence of Bad Faith and Intentional Destruction of Emails.

Dated: July 23, 2007
Woodbridge, New Jersey

Respectfully submitted,

**WILENTZ GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Drive
Woodbridge, NJ 07095-0958
(732) 636-8000

By: _____
Barry M. Epstein

**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS LLP**
100 Park Avenue
New York, New York 10017
(212) 661-1100

By: _____
D. Brian Hufford

**THE CUNEO LAW GROUP, P.C.**
**THE ALPERT LAW FIRM**

Attorneys for Plaintiffs-Appellees