| | |
|---|---|
| STEWART SCHARFMAN, individually and as executor of the estate of his son, Spenser Scharfman, ZEV and LINDA WACHTEL, individually and on behalf of their children, Tory, Jesse and Brett Wachtel, RENEE MCCOY, individually and on behalf of all others similar situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., HEALTH NET OF NEW YORK, INC. and HEALTH NET LIFE INSURANCE CO., INC.,<br><br>      Defendants. | Civ. Docket No. 2:05-cv-0301<br>Hon. Faith S. Hochberg, U.S.D.J. |

## ORDER CONDITIONALLY CERTIFYING TWO SETTLEMENT CLASSES, AND PRELIMINARILY APPROVING PROPOSED SETTLEMENT

Upon review and consideration of the Settlement Agreement dated March 13, 2008 and the exhibits thereto which have been publicly filed with the Court (collectively, the "Settlement Documents"), and having been fully advised, it is hereby ORDERED, ADJUDGED and DECREED as follows:

### Preliminary Approval of the Settlement and Conditional Certification of Two Settlement Classes

1. This Order incorporates by reference the definitions in the Settlement Agreement among the Parties to these Actions on file with this Court, and all capitalized terms used herein that also appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over these Actions and over each of the Parties and over all Class Members.

3. The terms of the Settlement Agreement, including the exhibits, are preliminarily approved, subject to further consideration at the Final Settlement Hearing provided for below. The Court preliminarily finds that the settlement terms embodied in the Settlement Agreement fall within the range of reasonableness to warrant approval, such that notice of the Settlement (in the forms presented to this Court as Exhibit 2 to the Settlement Agreement) should be disseminated to members of the Classes as provided in this Order.

4. For purposes of settlement and pending final approval of the Settlement Agreement, the Court conditionally certifies two Settlement Classes consisting of:

    A. All persons in the United States who are, or were, from September 1, 2004 through July 31, 2007, members in any large or small employer plan insured by Health Net, and subject to ERISA, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an Out-of-Network Provider and received reimbursement of less than the provider's billed charge (the *Scharfman* ERISA Class"); and

    B. All persons in the United States who are, or were, from September 1, 2004 through July 31, 2007, members in any large or small employer plan, or any individual and family plan, insured by Health Net, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an Out-of-Network Provider and received reimbursement of less than the provider's billed charge that was determined by Health Net, Guardian or a third party vendor applying Health Net's out-of-network claims practices, including the use of Ingenix data (the "*Scharfman* RICO Class") (the *Scharfman* ERISA and RICO classes are collectively referred to as the "Proposed *Scharfman* Classes").

5. By Order dated September 25, 2006 (the "2006 Order"), the Court had certified two Classes as follows:

    A. All persons in the United States who are, or were, from April 1, 1997 to August 31, 2004, subscribers or beneficiaries in any large or small employer plan, other than in a New Jersey small employer plan, who received medical services or supplies (including, *inter alia*, surgery, anesthesia, and the like) from an Out-of-Network Provider and for whom Defendants made reimbursement determinations less than the providers' actual charge (the *McCoy* Class");

    B. All persons in the United States who are, or were, from July 1, 1995 to August 31, 2004, subscribers or beneficiaries of any New Jersey small employer plan, who received medical services from an Out-of-Network Provider and for whom Defendants made reimbursement determinations less than the providers' actual charge (the "*Wachtel* Class").

6.      In the 2006 Order, the Court held that the *McCoy* and *Wachtel* Classes satisfied each of the requirements of Fed. R. Civ. P. 23 (specifically incorporating the Court's August 5, 2004 certification order[1] other than the listing of class claims, issues, and defenses pursuant to Fed. R. Civ. P. 23(c)(1)(B)). The Court now finds that, for purposes of settlement only, the *Scharfman* ERISA Class and the *Scharfman* RICO Class set forth above meet all the requirements of Fed. R. Civ. P. 23. In addition to Zev and Linda Wachtel and Renee McCoy, who were previously approved as class representatives for the *McCoy* and *Wachtel* classes, the Court preliminarily approves Stewart Scharfman as a class representative for the *Scharfman* ERISA Class and the *Scharfman* RICO Class (collectively, the "Representative Plaintiffs").

7.      Specifically, the Court finds that the *Scharfman* ERISA Class and the *Scharfman* RICO Class satisfy the requirements of numerosity, commonality, typicality, and adequacy pursuant to Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3).[2]

8.      The following sets forth the claims, issues and defenses that the Court preliminarily orders shall be treated on a class basis for the *Scharfman* Classes pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and which is set forth in this Notice pursuant to Rule 23(e)(1):

   A.      Whether Health Net's use of Ingenix data or any other data to calculate UCR charges in determining ONET reimbursement violated ERISA or RICO, from September 1, 2004 until July 31, 2007;

   B.      Whether Health Net's use of protocols that reduced ONET reimbursements violated ERISA or RICO from September 1, 2004 until July 31, 2007;

   C.      Whether ERISA requires each class member to prove exhaustion or futility;

---

[1] *Wachtel v. Guardian Life Ins. Co.*, 223 F.R.D. 196 (D.N.J. 2004), *vacated*, 453 F.3d 179 (3rd Cir. 2006).

[2] The Supreme Court has recognized that the manageability requirement need not be satisfied in a certification of a settlement class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). (Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.)

    D. Whether Health Net's alleged fiduciary violations, if proved, justify appointment of a monitor under ERISA § 502(a)(3) or other injunctive relief;

    E. Whether class members who assigned claims (or assignee providers) may recover damages;

    F. Whether the claim for failure to provide accurate SPDs and other information upon request entitles class members to relief;

    G. Whether interest should be assessed on any monetary recovery under ERISA;

    H. Whether Health Net's claims review procedures complied with ERISA;

    I. What the standard of review applicable to review Health Net's benefit determinations is;

    J. What the identity and scope of the ERISA plans from September 1, 2004 until July 31, 2007 are;

    K. Whether the contractual terms of the relevant plans permit Health Net's reimbursement practices for ONET claims;

    L. Whether Health Net's UCR ONET reductions were fiduciary or settlor functions;

    M. Whether the New Jersey DOBI restitution precludes recovery by class members;

    N. Whether there is standing to assert claims for prospective relief;

    O. Whether Health Net's failure to properly disclose the specific reason for claim denials in its EOBs and/or that beneficiaries could request supporting evidence upon request, violated ERISA;

    P. Whether the Court's interpretation of the ERISA plans must be guided by the state regulators' interpretation of such plans;

    Q. What the applicable statute of limitations periods are for the claims of class members; and

    R. Whether Health Net's failure to pay interest, (a) when claims were not timely paid and (b) when the UCR was increased on appeal, violated ERISA.

    9. The Court finds that the firms of Wilentz, Goldman & Spitzer, P.A. and Pomerantz Haudek Block Grossman and Gross LLP, previously appointed as co-lead counsel for the *McCoy* and

*Wachtel* Classes ("Class Counsel") have fairly and adequately represented the interests of the *Scharfman* ERISA Class and the *Scharfman* RICO Class and satisfied the requirements of Fed. R. Civ. P. 23(g), and they are designated interim class counsel under Rule 23(g)(2)(A). If the Settlement Agreement is terminated, the foregoing conditional certification of the *Scharfman* ERISA Class and the *Scharfman* RICO Class, appointment of Representative Plaintiff, and approval of Class Counsel shall be void and of no effect and the Parties to the Settlement Agreement shall be returned to the status each occupied before entry of this Order.

10. The Court finds that the Notice of Proposed Settlement with Health Net, the Final Settlement Hearing, and Your Rights Concerning the Proposed Settlement ("Notice"); and the Summary Notice (Exhibit 2 to the Settlement Agreement) provide appropriate notice to the Classes previously and conditionally certified as provided above. These Notices will provide members of the Classes with sufficient information to make informed decisions regarding their options in this litigation and the effect of the Settlement on their rights, and constitute the best practicable notice under the circumstances. The Court therefore approves the Notice and Summary Notice as proposed by Plaintiffs.

11. Class Counsel shall cause the Notice and Summary Notice to be disseminated to the Classes in accordance with this Order. Prior to the hearing on final settlement ("Final Settlement Hearing"), Class Counsel shall serve and file statements attesting to compliance with the provisions of notice hereby approved by this Court.

12. The Court may for good cause extend the hearing date or any of the other deadlines set forth in this Order without further notice to the Settlement Class, provided that the Court shall consult with the Parties' counsel before extending any such deadline to permit them to attempt to make any necessary modifications to the Settlement Agreement. The Court may approve the Settlement with any necessary modifications without further notice to the Classes.

### Request for Exclusion from the Settlement Classes

13. The *McCoy* and *Wachtel* Classes were previously certified and noticed. Out of nearly 2 million notices sent out, approximately 1,000 current or former Health Net members opted-out.

14. Once the *Scharfman* ERISA Class and the *Scharfman* RICO Class receive notice, they shall have an opportunity to submit valid and timely requests for exclusion postmarked on or before 6-23 2008 ("Opt-Out Deadline") pursuant to timely compliance with the instructions contained in the Notice. Members opting out by the Opt-Out Deadline shall not have rights under the Settlement Agreement or the Settlement, and shall not be bound by the Settlement Agreement, the Settlement or the Final Judgment and Order. In addition, and pursuant to Fed. R. Civ. P. 23(e)(4), members of the *McCoy* and *Wachtel* Classes who previously had an opportunity to opt-out but did not do so may request exclusion within the Opt-Out Deadline. Members of the *McCoy* and *Wachtel* Classes who previously opted out may not participate in the Settlement unless they follow the procedure set forth in the Notice to revoke their opt-out requests, in which case they will be deemed Class Members.

15. All members of the *Scharfman* ERISA Class and the *Scharfman* RICO Class, along with all members of the *McCoy* and *Wachtel* Classes who were previously noticed and did not timely opt-out or who effectively revoke their opt-outs, shall be bound by the Settlement Agreement and the Settlement and the Final Judgment and Order, in the event the Settlement Agreement is finally approved by the Court and the Settlement Agreement becomes effective.

## Confidentiality

16. To the extent practicable, all information received by the Settlement Administrator (defined below) that pertains to a particular member of the Settlement Class shall be kept confidential. In situations where the Class Member has authorized contact with the member's Out-of-Network Provider and such information needs to be supplied or confirmed by the provider in order to maximize reimbursement under the Plan of Allocation, only the information necessary will be disclosed.

## Settlement Hearing

17. A hearing on final settlement ("Final Settlement Hearing") will be held before this Court on 7-24, 2008 at 1 pm Eastern time, in the courtroom assigned to the Honorable

#3843550 (149688.002)                                                   -7-

Faith S. Hochberg, U.S.D.J., at the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07101-0999. The date for the Final Settlement Hearing is subject to adjournment upon notice to the Court by any party to the Settlement Agreement. At the Final Settlement Hearing, the Court will consider the following issues: (i) the fairness, reasonableness and adequacy of the Settlement and the Settlement Agreement; (ii) whether the *Scharfman* ERISA Class and the *Scharfman* RICO Class should be certified for settlement purposes; (iii) whether the Court should approve awards of costs and attorneys' fees as described in fee applications submitted by Class Counsel; (iv) whether the Court should approve incentive fees for the Representative Plaintiffs in these actions; (v) whether entry of a Final Order and Judgment terminating this litigation, in the form submitted by the Parties to the Settlement Agreement, should be entered; and (vi) such other matters as the Court may deem necessary or appropriate.

18.  All briefs and materials of any party in support of final approval of the Settlement Agreement and the Final Order and Judgment proposed by the Parties and submitted to the Court, as well as the fee petition and supporting papers, shall be served on the Court and all Parties at least __7__ calendar days prior to the Final Settlement Hearing.

19.  Any member of the *Wachtel*, *McCoy* or *Scharfman* Classes who has not filed a valid timely request for exclusion in the manner set forth in the Notice may appear at the Final Settlement Hearing in person or by counsel and may be heard to the extent allowed by the Court, either in support of or in opposition to any of the matters described in paragraph 16 above only if, on or before __6-23__, 2008, such person files with the Clerk of the United States District Court for the District of New Jersey, Martin Luther King, Jr. Federal Building and United States

Courthouse, 50 Walnut Street, Newark, New Jersey 07101-0999 a notice stating the person's intention to appear at the Final Settlement Hearing ("Notice of Appearance") and a statement ("Statement") indicating the person's support or opposition to the Settlement, the reasons why, or comments as to any other matter listed in paragraph 16 above, or the dismissal of claims, or entry of final judgment. All papers, briefs or other materials in support of their position shall be served on the Parties and the Court at least 30 days prior to the Final Settlement Hearing. Service on counsel for the Parties shall be by hand or by overnight delivery. All responses by the Parties to objections shall also be served by hand or by overnight delivery on the objecting person or his or her attorney no later than 7 days before the Final Settlement Hearing. All counsel, including any counsel representing any objector, shall be prepared to respond at the Final Settlement Hearing to any Statements in opposition to the Settlement.

20. Any Class Member who does not file an objection by 6-24, 2008 as reflected in the Notice and this Order, shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

### Settlement Administrator

21. The Court hereby approves and appoints Berdon Claims Administration LLC ("Berdon" or the "Settlement Administrator") to serve as the administrator for the Settlement subject to the Parties' counsel agreeing with Berdon on appropriate fees and expenses for their activities as set forth in the Settlement Agreement. The Settlement Administrator shall ensure that the members of the Classes receive notice of the Settlement as set forth in this Order and shall review, process and recommend the approval or disapproval by the Court of the timely filed proofs of claim of Class Members and pay those claims that are approved to Class Members entitled to participate in the Settlement pursuant to the Plan of Allocation proposed by Class Counsel and approved by the Court (Exhibit 5 to the Settlement Agreement) and as described in the Notice.

### Other Provisions

22. All proceedings in these actions against Defendants are stayed until such time as the Court renders a final decision regarding the approval of the Settlement and Settlement Agreement and, if it approves the Settlement and Settlement Agreement, enters the Final Order and Judgment dismissing these actions with prejudice.

23. Nothing in this Order shall be construed as, or deemed to be, evidence of an admission or concession by Defendants as to the validity of any claim that was or could have been asserted or as to any liability by them as to any matter set forth in this Order. Neither this Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence of admission of liability by Defendants or any other Released Party, nor shall either the Settlement Agreement, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Order, or if offered by any Released Party in, *inter alia*, responding to any action purporting to assert Released Claims; provided, however, Health Net may use such documents insofar as it may be necessary or appropriate to establish the terms thereof.

**IT IS SO ORDERED**

Dated: April 24, 2008

_____
United States District Judge