UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RENEE McCOY, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>　　v.<br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.<br>　　　　　　Defendants. | Docket No. 03-CV-1801 (FSH) (MAH) |
| ZEV and LINDA WACHTEL, individually and on behalf of their minor children, TORY, JESSE and BRETT WACHTEL, and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>　　v.<br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC. and HEALTH NET OF NEW JERSEY, INC.<br>　　　　　　Defendants. | Docket No. 01-CV-4183 (FSH) (MAH) |
| STEWART SCHARFMAN, individually and as executor of the estate of his son, Spenser Scharfman, ZEV and LINDA WACHTEL, individually and on behalf of their children, Tory, Jesse and Brett Wachtel, RENEE McCOY, individually and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br>　　v.<br>HEALTH NET, INC., HEALTH NET OF THE NORTHEAST, INC., HEALTH NET OF NEW YORK, INC. and HEALTH NET LIFE INSURANCE CO., INC.,<br>　　　　　　Defendants. | Docket No. 2:05-cv-0301 (FSH) (MAH)<br>Hon. Faith S. Hochberg, U.S.D.J. |

**ORDER GRANTING FINAL APPROVAL OF THE AMENDMENT TO SETTLEMENT AGREEMENT AND RELATED MATTERS**

#7908982.1

## Statement of the Case

By Final Order and Judgment Approving Proposed Settlement and Dismissing Actions ("Final Order and Judgment") dated July 24, 2008, this Court approved the Settlement of these class actions brought by subscribers and beneficiaries of Health Net, Inc. and some of its affiliates ("Health Net") for alleged under-reimbursement of services performed by health care providers who were outside of Health Net's network ("ONET Providers").

Pursuant to the Settlement, Health Net agreed to pay $160 million into a Cash Settlement Fund; pay $15 million to a portion of the Classes under the auspices of a remediation conducted by the New Jersey Department of Banking and Insurance; pay up to $40 million to claimants who proved the receipt and/or payment of a Balance Bill to an ONET Provider(s) (the "Prove-Up Settlement Fund"); to adopt business practice initiatives intended to avoid the reoccurrence of the alleged wrongdoing; and to pay for certain notice and claims administration related costs.

Following this Court's approval of the Settlement, a number of disputes arose between the parties over administration of the Settlement including, but not limited to, Health Net's rejection of many claims filed on the Prove-Up Settlement Fund and whether Health Net subscribers who received Administration Services Only ("ASO") (approximately 20,000 subscribers out of 2.6 million subscribers) were included in the Class(es) certified for Settlement purposes. In addition, it was determined that another 59,000 subscribers either did not receive mailed notice or received an incorrect (or incomplete) mailed notice regarding the Settlement and their right to file claims thereon.

These post-Settlement disputes were mediated by Hon. John Hughes (ret.). The mediation resulted in an agreement and Amendment to Settlement Agreement dated April 20,

1

2012 (the "Amendment"), whereby Health Net agreed to pay another $6.25 million to the Cash Settlement Fund in exchange for an additional, broad release from any and all liability arising out of, in connection with, or related to the Actions, the Settlement Agreement, and/or the Amendment.

The Court conducted hearings regarding the Amendment on June 5, 2012, and May 29, 2013. By Order dated August 13, 2013, this Court appointed a Special Master to conduct an inquiry into, among other things, certain aspects of the claims administration disputes. *McCoy* Dkt. No. 899. This Court also ordered a partial distribution of the Cash Settlement Fund. This distribution took place in June 2013. *McCoy* Dkt. Nos. 890-891.

On September 12, 2014, the Special Master issued the Report and Recommendation of Special Master Paul H. Zoubek, Esq. (the "Report and Recommendation"), setting forth detailed findings regarding, *inter alia*, the claims administration disputes, including an audit of the Group B and Group C Claims that were submitted to receive a payment from the Prove-Up Settlement Fund. *McCoy* Dkt. No. 904. The Special Master recommended that the claims administrator, Berdon Claims Administration LLC ("Berdon"), be paid all of its fees for services rendered other than those rendered during a three-month period in 2009-2010. On October 3, 2014, Class Counsel filed a Motion to Adopt or Affirm Special Master's Report and Recommendation (*McCoy* Dkt. No. 906), Health Net filed a Motion to Adopt Report and Recommendation of Special Master Paul H. Zoubek, Esq. (*McCoy* Dkt. No. 905), and Berdon filed a Statement of Non-Objection (*McCoy* Dkt. No. 907). On January 30, 2015, the Court granted the Motions to Adopt Report and Recommendation of Special Master Paul H. Zoubek, Esq. (*McCoy* Dkt. No. 898.)

### Preliminary Approval of the Amendment

On December 23, 2014, Class Counsel filed a Motion for Preliminary Approval of the Amendment to the Settlement Agreement and Implementation Thereof. *McCoy* Dkt. No. 916. Health Net filed a Response to that Motion on January 2, 2015. *McCoy* Dkt. No. 917.

On January 30, 2015, the Court granted the Motions the Motion for Preliminary Approval of the Amendment to the Settlement Agreement and Implementation Thereof. *McCoy* Dkt. No. 919.

### Notice of the Amendment to the Settlement and Right to File Claims

In the Order of Preliminary Approval this Court approved, as to form and content, the proposed Cover Letters, Detailed Notice, Claim Form, Blue Sheet, and HIPAA Form substantially in the forms attached to the Affidavit of Todd B. Hilsee ("Hilsee Affidavit") as Exhibits 3-9, *McCoy* Dkt. Nos. 916-4, 916-6, 916-7, 916-8, 916-9 & 916-10.

On February 10, 2015, Michael Rosenbaum, Managing Director of Berdon, submitted an Affidavit that detailed "the extensive steps taken by Berdon in the mailing of Notice in compliance with the provisions of the Court's Preliminary Approval Order dated January 30, 2015." *McCoy* Dkt. No. 923-2. Mr. Rosenbaum attested that Class members were mailed color-coded Cover Letters that were tailored to distinguish each particular category, and they were mailed the appropriate Notice Packet that included a Detailed Notice advising them of the proposed Amendment, the date of the Fairness Hearing, and their right to object.

The categories consisted of: (a) those who had filed valid claims in Group A and B were mailed Green Letter #1 and a Detailed Notice (118,250 Class members); (b) those who had filed Group C claims which were rejected were sent Green Letter #2, a Detailed Notice, Blue Sheet and HIPAA Form (354 Class members); (c) those who had received incomplete or inaccurate

notices in 2008 and did not file claims at all were mailed a Yellow Letter, Detailed Notice, Claim Form, Blue Sheet and HIPAA Form (102,850 Class members); and (d) those who received no prior notice at all were sent a Pink Letter, Detailed Notice, Claim Form, Blue Sheet and HIPAA Form (42,104 Class members). A total of 263,558 unique Notice Packets were mailed to Class members. *Id.*

The Internet website with documents and information for Class members was updated with the materials listed at Paragraph 54 of the Hilsee Affidavit (*McCoy* Dkt. No. 916-4), as modified by the Preliminary Approval Order (*McCoy* Docket No. 919) to include the redacted version of the Special Master's Report and Recommendation, pending resolutions of the Motions to Seal before this Court.

### Objections, Opt Outs and Briefing

Class Counsel filed a Motion For Final Approval of the Amendment to Settlement Agreement and Implementation Thereof on February 10, 2015.

Following the aforementioned Notice, 66 objections and five (5) requests for exclusion were timely filed with the court and/or served upon counsel.

Class Counsel filed a Memorandum of Law addressing these objections on February 27, 2015.

### Settlement Hearing

The Fairness Hearing took place before the undersigned, United States District Judge Faith S. Hochberg, on March 3, 2015, at 9:00 a.m. at the U.S. District Court for the District of New Jersey, located at 50 Walnut Street, Newark, New Jersey 07102, to determine whether the Amendment should be finally approved as fair, reasonable, and adequate.

**IT IS THEREFORE ORDERED THAT:**

**Notice Was Properly Provided**

1. This Court finds that the foregoing mailing of Notice constituted the best practicable notice to all of the foregoing Class members as clarified by the Preliminary Approval Order (*McCoy* Dkt. No. 919) under the circumstances of this class action, and was reasonably calculated, under the circumstances, to apprise affected Class members of (a) the Amendment; (b) their right to object to any aspect of the Amendment; (c) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense; and (d) the binding effect of the Amendment.

2. This Court also finds that the foregoing mailing of Notice constituted the best practicable notice to each Class member as clarified by Preliminary Approval Order (*McCoy* Dkt. No. 919) who either (a) was an ASO policy holder during the Class Period or (b) who otherwise was either not sent a Notice of the Settlement or whose or whose list of Eligible Claims was inaccurate.

3. This Court also determines that the proposed forms and manner of the Notice are reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(e)), the United States Constitution (including the Due Process Clause), the Rules of Court, and any other applicable rules.

**Final Approval Of The Amendment**

4. Pursuant to Rule 23(e), the Amendment, which is attached as Exhibit A to the Declaration of Kevin P. Roddy in support of the Motion For Preliminary Approval ("Roddy Declaration"), McCoy Dkt. No. 916-3, is hereby approved as being fair, reasonable and adequate. This Court finds that the proposed Amendment should be approved because (a)

5

it was the result of serious, extensive arm's-length and non-collusive negotiations; (b) it falls within a range of reasonableness warranting final approval; (c) it has no obvious deficiencies; (d) it does not improperly grant preferential treatment to the Lead Plaintiffs or segments of the Settlement Classes as clarified by this Order; and (e) it warrants notice of the Settlement Hearing.

5.  This Order incorporates by reference the definitions contained in the Settlement Agreement dated March 13, 2008, and the Amendment. All capitalized terms used herein that appear in the Settlement Agreement and the Amendment shall have the meanings set forth in those documents.

6.  The Settlement Agreement shall remain in full force and effect for all Class members in accordance with its terms, except as amended by the Amendment. The definitions of the Scharfman ERISA and RICO Settlement Classes set forth in the Final Order and Judgment (McCoy Dkt. No. 870 at 3) are hereby clarified to include claims "administered by Health Net," in accordance with this Court's Opinion issued on August 8, 2008. McCoy Dkt. No. 872 at 10. The definitions of the McCoy and Wachtel classes are similarly clarified – to the extent necessary – to include Health Net members who received administrative services only.

### Payment and Distribution of the Cash Settlement Fund

7.  Fifteen (15) business days after the entry of this Order, Health Net shall wire into the Cash Settlement Fund $6.25 million, less any Notice Related Costs as set forth in Paragraph D(4) of the Order of Preliminary Approval, and less the $23,988 advanced by Health Net to pay the costs of partial distribution of the Cash Settlement Fund in June 2013 (the "Additional Payment").

6

8.  Health Net shall have no further obligations or responsibilities for the adjudication of claims and/or the administration of the former Prove-Up Settlement Fund and/or the Cash Settlement Fund.

**Claims Administration Reports**

9.  On May 11, 2015, the Claims Administrator will provide a written report to Class Counsel regarding the amount and status of all new claims filed upon the Cash Settlement Fund, including Documented Claims.

10. No later than June 10, 2015, Class Counsel will report to the Court regarding the amount and status of the new claims, along with a proposal for timely distribution of the Cash Settlement Fund.

**Destruction of Documents**

11. Ten (10) calendar days after Health Net transfers the Additional Payment into the Cash Settlement Fund, Health Net may release any and all litigation holds and shall thereafter be under no further obligation to retain any records or information arising out of, in connection with, or relating to the Actions or the Settlement Agreement or the Amendment.

12. In addition, within thirty (30) calendar days after Health Net transfers the Additional Payment into the Cash Settlement Fund, Plaintiffs and/or any experts or consultants that Plaintiffs retained shall certify as destroyed or return to Health Net the original and all copies of (a) depositions and exhibits thereto other than depositions of plaintiffs and witnesses from Cigna, Aetna, HIAA, and Ingenix and documents that Cigna, Aetna, HIAA, and/or Ingenix produced and (b) all documents, data, and information of any kind or in any format, including any and all electronic communications (*e.g.*, emails, email

chains that contain communications and/or information from Health Net, and attachments thereto) stored anywhere on Plaintiffs' technological infrastructure (or those of their experts or consultants), that were provided by Health Net or its counsel or agents in connection with the Actions, the administration of the Settlement Agreement, disputes with respect thereto, and the Amendment. Plaintiffs shall not be required to destroy any copy they possess of documents filed with the Court.

**Continuing Jurisdiction**

13. This Court has and continues to retain jurisdiction over the subject matter of these Actions, the Representative Plaintiffs, the Defendants, the Class members as clarified in this Order, the Settlement Agreement, and the Amendment, including the administration and consummation of the Settlement Agreement and the Amendment, and over the Final Order and Judgment Approving Proposed Settlement and Dismissing Actions.

IT IS SO ORDERED.

On this the 3rd day of March, 2015

_____
Honorable Faith S. Hochberg, U.S.D.J.

8